THE STATE, WILLIAM H. COTTRELL ET AL., PROSECUTORS, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF MIDDLESEX AND JOHN F. SHANLEY.

A petition filed under section 7 of the act of 1891 (*Pamph. L., p.* 378), stating that the petitioners agree to pay one-tenth of the actual benefit derived from the improvement of the road to be macadamized, is not in conformity with the provisions of the act which requires that the petitioners shall set forth that they are willing that the peculiar benefits

conferred shall be assessed upon their property, in proportion to the benefits conferred, to an amount not exceeding ten per centum of the entire cost of the improvement.

On *certiorari.*

This writ brings up proceedings of the board of chosen free-holders of Middlesex county for macadamizing a road in Madison township under authority of the act (*Pamph. L.* 1891, *p.* 378) and supplement thereto.    *Pamph. L.* 1892, *p.* 346.

Argued at November Term, 1892, before Justices DEPUE and REED.

For the prosecutors, *Alan H. Strong.*

For the defendants, *H. Brewster Willis.*

The opinion of the court was delivered by

REED, J.    The act of 1891 provides two methods by which roads may be macadamized by the board of chosen freeholders. The first method is taken under section 1, upon the board's own motion, and is instituted by a resolution of the board, de-claring its intention to cause a particular public road or section thereof to be improved under the provisions of the act.

The second method is instituted under section 7 by the peti-tion of a certain proportion of the property owners along the road or section thereof to be improved.

No resolution is essential where the last-mentioned method is adopted, as the petition under section 7 takes the place of the resolution under section 1.

The subsequent proceedings, the surveys and specifications and the approval of them by the board of chosen freeholders and the president of the agricultural society, the advertise-ments for and awarding of contracts, are the same under both methods.    The two methods differ in one particular, namely, that when the road is built upon petition an assessment of a sum not exceeding ten per centum is made upon the property

owners abutting, but when built by the board upon its own motion no assessment is made. Therefore, when the road is constructed by petition the county is relieved of the amount of this assessment, but when it is built by the county without petition the landowners are relieved from any special assessment.

The present proceedings were put in motion by a petition filed under color of section 7, and they have been obviously conducted in supposed conformity to and within the mandatory requirements of that section. No resolution, as provided for in section 1, was adopted, and it is entirely clear that it was intended to build the road under that scheme which provided for a part payment of the expenses by the property owners, through the means of a special assessment. The proceedings, therefore, must rest upon a legal petition presented in conformity with section 7.

The requirements of section 7, in respect to a petition, are these : Whenever there shall be presented to the board of chosen freeholders of any county a petition signed by the owners of at least two-thirds of the lands or real estate fronting or bordering on any public road or section of road, not being less than one mile in length, praying said board to cause such road or section to be improved under the act, and setting forth that they are willing that the peculiar benefits conferred or about to be conferred on the lands bordering on said road shall be assessed thereon in proportion to the benefits conferred, to an amount not exceeding ten per centum of the entire cost of improvement, it shall be the duty of the board to cause such improvements to be made.

Now, the petition filed in this case sets out that the petitioners are property owners adjoining said road, and that the petitioners, by their signatures, agree to pay one-tenth of the actual benefit derived from the improvement of the road.

The petition is plainly defective in not setting out the willingness of the petitioners that the peculiar benefits conferred upon their lands fronting or bordering on the road should be assessed in proportion to the benefits conferred, to an amount

not exceeding ten per centum of the entire cost of improvements. The expression of a willingness to pay one-tenth of the actual benefit is an entirely different proposal. To illustrate the distinction, suppose property is benefited by the improvements to an amount equaling one-half of the entire cost. Under the language of the petition he would be liable to pay only up to one-tenth of one-half the cost or one-twentieth of the entire cost; yet inasmuch as he would be peculiarly benefited more than one-tenth of the actual cost, under the statute, he would be liable to pay up to the full one-tenth of the entire cost. It is obvious, therefore, that the petitioners do not express a willingness—whether intentional or unintentional—to sustain the burden imposed upon the complying landowner in the statute.

This objection is fatal to the proceedings, and inasmuch as they must be taken *de novo* we have not considered any other objection presented.